UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL SPICOLA,

                              Petitioner,                    **Hon. Hugh B. Scott**


                                                            **13CV20S**

                    v.                                       **Report
                                                            &
                                                            Recommendation**


DAVID UNGER,

                              Respondent.


        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 10).  The instant matter before the Court is the Petition for Habeas Corpus (Docket

No. 1).

## BACKGROUND

        Petitioner was convicted, following a jury trial, of six counts of sodomy in the first

degree, in violation of New York Penal Law § 130.50(3); three counts of sexual abuse in the first

degree, in violation of Penal Law § 130.65(3); and one count of endangering the welfare of a

child, in violation of Penal Law § 260.10.  These charges arose from defendant engaging in

reciprocal oral to genital contact with his male cousin, a six to eight years old boy during the

periods of defendant's activity.  Petitioner was sentenced to concurrent twelve-year term for the

sodomy counts; concurrent seven-year term for sexual abuse counts; and concurrent one-year

term for endangering the welfare of a child.

The victim, who testified when he was fourteen years old, recalled incidents in 1999 to 2001 when he was ages six through eight with petitioner (see Docket No. 1, Pet., Appx., Ex. H at A119, Trial Tr. 174).  Petitioner and the victim were second cousins and often spent time together, including sleeping over at petitioner's home and playing "knee hockey" with him (Docket No. 7, Resp't Memo. at 4, citing Trial Tr. 176-78, 544).  During three separate occasions, of which the victim did not remember the exact dates, performed oral sex on petitioner and petitioner did the same upon the victim (Docket No. 7, Resp't Memo. at 4, citing Tr. 183, 186).  Years later in 2006, when victim was in high school, he told his mother about these incidents (Docket No. 7, Resp't Memo. at 4, citing Tr. 204-05; see Tr. 202-03).  The victim's mother recalled a prior incident when the petitioner tickled the victim and the victim reacted by going into a fetal position and turning from the petitioner (Docket No. 7, Resp't Memo. at 4, citing Tr. 319-20).  The victim's mother then called the police (Docket No. 7, Resp't Memo. at 4, citing Tr. 325).

Stefan Perkowski, a licensed clinical social worker, testified concerning Child Sexual Abuse Accommodation Syndrome (or "CSAAS") (Docket No. 7, Resp't Memo. at 5, citing Tr. 364), after petitioner filed an unsuccessful motion in limine to preclude.  Perkowski testified that he was not offering an opinion on whether or not the victim had been sexually abused by petitioner, but he testified about the common behaviors of children subjected to sexual abuse (Docket No. 7, Resp't Memo. at 5; citing Tr. 364).  He concluded that the presence of any of these behaviors did not automatically mean that a child had been abused (Docket No. 7, Resp't Memo. at 5, citing Tr. 370).

Nurse practitioner Deborah Dee testified that she examined the victim after his 2006 disclosure (Docket No. 7, Resp't Memo. at 12, <u>citing</u> Tr. 297; <u>see also</u> Tr. 208 (victim testifying to examination)).  Dee stated that the victim told her of the incidents and Dee stated that the victim exhibited embarrassment, downcast eyes, a flushed face, and an elevated heart rate as he spoke of the abuse (Docket No. 7, Resp't Memo. at 12, <u>citing</u> Tr. 299).

Petitioner testified denying that he sexually abused the victim (Docket No. 7, Resp't Memo. at 5, <u>citing</u> Tr. 561, 570, 580, 588), <u>see also</u> <u>People v. Spicola</u>, 16 N.Y.3d 445, 447, 922 N.Y.S.2d 846, 848-49, <u>cert. denied</u>, 565 U.S. ___, 132 S.Ct. 400 (2011).

*Appellate Division Decision*

Petitioner appealed, arguing that expert testimony was admitted in error, that this testimony and the testimony of a nurse practitioner were improperly bolstered, and ineffective assistance of trial counsel in not making timely objections to this testimony, and other grounds. The Appellate Division of the State Supreme Court affirmed the conviction, <u>People v. Spicola</u>, 61 A.D.3d 1434, 877 N.Y.S.2d 591 (4th Dep't 2009).  Pertinent to this Petition, the court rejected petitioner's contentions that the Erie County Court erred in admitting expert testimony concerning child sex abuse accommodation syndrome (or "CSAAS"), 61 A.D.3d at 1434, 877 N.Y.S.2d at 592, "as well as statements made by the victim concerning the incidents at issue to the nurse practitioner that were relevant to the victim's diagnosis and treatment," <u>id.</u>  The court also rejected petitioner's claims of ineffective assistance of trial counsel for failing to preserve certain contentions for appeal, <u>id.</u>

*New York Court of Appeals Decision*

The New York State Court of Appeals affirmed the Appellate Division's decision in a 4-3 decision, <u>Spicola</u>, <u>supra</u>, 16 N.Y.3d 441, 922 N.Y.S.2d 846.  There, the majority held that the clinical social worker could testify to CSAAS regarding the victim's delayed reporting of the incident, 16 N.Y.3d at 453-55, 460-67, 922 N.Y.S.2d at 853, 857-67, applying state law on the issue.  The majority upheld the admission of expert testimony on traumatic syndromes, like CSAAS, for facts where the jurors might not understand.  The social worker here testified that CSAAS was widely accepted in the relevant scientific community, <u>id.</u>, 16 N.Y.3d at 457, 922 N.Y.S.2d at 855-56.  Reference to CSAAS provided understanding of why children may delay reporting sexual abuse, <u>id.</u>, 16 N.Y.3d at 463, 922 N.Y.S.2d at 859-60.  The majority also held that the trial court did not abuse its discretion in allowing the expert to testify about CSAAS to rehabilitate the victim's credibility, 16 N.Y.3d at 465, 922 N.Y.S.2d at 861.

The majority also allowed the admission of nurse-practitioner Dee's testimony regarding the victim (such as the answers given by the victim to the nurse-practitioner's questions during her examination and her notation of his physical and emotional condition) as an exception to hearsay rules, <u>id.</u>, 16 N.Y.3d at 451-53, 922 N.Y.S.2d at 851-53.

In dissent, Chief Judge Lippman argued that the trial concerned events seven to eight years earlier, with no physical evidence produced.  Defendant did not admit to the conduct.  The case thus became a credibility contest, where Chief Judge Lippman concluded that the prosecution prejudicially bolstered the credibility of the complainant, resulting in petitioner being denied a fair trial.  <u>Id.</u>, 16 N.Y.3d at 467, 922 N.Y.S.2d at 863 (Lippman, Ch. J., dissenting).

4

*Child Sexual Abuse Accommodation Syndrome*

Child Sexual Abuse Accommodation Syndrome (or "CSAAS") was first coined by

Dr. Roland Summit to describe "a pattern of 'secrecy, helplessness, entrapment [and]

accommodation, delayed disclosure, and recantation as common characteristics in children who

report sexual abuse,'" Spicola, supra, 16 N.Y.3d at 453-54, 922 N.Y.S.2d at 853 (citations

omitted).  Petitioner contends that scholars of child sexual abuse have rejected CSAAS as a

syndrome, that an inadequate basis was made to allow the expert to testify about CSAAS, and

that his trial counsel was constitutionally deficient in not resisting introduction of this expert

testimony (Docket No. 8, Pet'r Memo. at first through third, third through fourth unnumbered

pages).

*Habeas Petition*

Petitioner contends that the state trial court erred in admitting CSAAS evidence, despite

being rejected by the United States Court of Appeals for the Second Circuit in Gersten v

Senkowski, 426 F.3d 588 (2d Cir. 2005), depriving petitioner of a fair trial under the Fifth, Sixth,

and Fourteenth Amendments (Docket No. 1, Pet. ¶ 22(a); Docket No. 11, Pet'r Memo. at 8, 11-

13).  He argues that the victim's testimony was bolstered by the expert's CSAAS explanation, as

well as bolstering the testimony of nurse-practitioner Dee (Docket No. 1, Pet. ¶¶ 22(b), (c);

Docket No. 11, Pet'r Memo. at 8, 14-19, 19-22).  Petitioner argues that his right to a

fundamentally fair trial under Lisendba v. California, 314 U.S. 219, 236 (1941), and subsequent

cases (Docket No. 11, Pet'r Memo. at 10 & n.11), was violated by the admission of the CSAAS

expert testimony and the bolstering of testimony.  Petitioner's trial attorney also was ineffective

in not more aggressively resisting this purported expert testimony and not calling a rebuttal

expert, as well as numerous other errors and omissions that petitioner concludes deprived him of effective counsel (Docket No. 1, Pet. ¶ 22(d) Docket No. 11, Pet'r Memo. at 22-55).

Respondent argues that the admission of the CSAAS testimony and the testimony of the nurse-practitioner were not unreasonable applications of clearly established federal law as found by the United States Supreme Court (Docket No. 7, Resp't Memo. at 6-8, 12-14), that the questions asked of the CSAAS expert were rejected by the state courts on independent and adequate state law grounds (id. at 9-11), and that petitioner's ineffective assistance of counsel grounds were either procedurally defaulted or meritless (id. at 15-25).  Petitioner summarized his complaints about his representation in four categories, the failure to investigate or perform pretrial functions (id. at 23, grounds 1, 5, 11, 10[1]); failure to pursue available defenses (id., grounds 6-8, 10-13); failure to use evidence or testimony at trial (id. at 23-24, grounds 2-8, 10-14); and failure to object to improper use of evidence at trial (id. at 24, grounds 9, 15, 16).  He argues that the cumulative impact of these instances should be aggregated and considered to find ineffective assistance of counsel (id. at 24-25).

---

[1]Here are the grounds alleged by petitioner:  (1) failure to prepare for trial; (2) failure to properly cross examine victim; (3) failure to properly cross examine victim's mother, Jill Spicola; (4) failure to properly cross examine nurse-practitioner Deborah Dee; (5) failure to properly cross examine CSAAS expert Stefan Perkowski; (6) failure to develop timing discrepancies; (7) failure to explain the bus driver incident; (8) failure to utilize character witnesses; (9) failure to object to improper bolstering; (10) failure to call expert witness; (11) failure to dispute scientific reliability or applicability of CSAAS; (12) failure to develop a rationale for the victim's perjury; (13) failure show defendant did not fit abuser profile; (14) failure to discredit victim's rehearsed, conflicted testimony; and (15) failure to object to prosecutorial overreaching in her summation.

## DISCUSSION

I.     Applicable Standards

    A.     Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.  See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).   However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Based on the record before the Court, it appears that the petitioner has exhausted his state court remedies.  In any event, review of the claims asserted in the Petition is appropriate under § 2254(b)(2).

    B.     Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

7

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, **as determined by the Supreme Court of the United States**; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. (Emphasis added).  As another circuit held, under AEDPA this Court is required to uphold a state court decision "that it determines violated the Constitution if that determination is based upon circuit, and not Supreme Court, precedent," Crater v. Galaza, 508 F.3d 1261, 1268 (9th Cir. 2007); see also Bowles v. Secretary for Dep't of Corr., 608 F.3d 1313, 1316 (11th Cir. 2010) ("nor can anything in a federal court of appeals decision, even holding directly on point, clearly establish federal law for § 2254(d)(1) purposes"); Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000); Welch v. City of Pratt, Kan., 214 F.3d 1219, 1222 (10th Cir. 2000); Bocian v. Godinez, 101 F.3d 465, 471 (7th Cir. 1996); Purdie v. LaClaire, No. 08-CV-5108, 2010 U.S. Dist. LEXIS 72232, at *40 n.11 (E.D.N.Y. June 7, 2010) (Pohorelsky, Mag. J.).

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts.  Smith v. Sullivan, 1 F. Supp. 2d

---

[2]Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); <u>Nevius v. Sumner</u>, 852 F.2d 463, 469 (9th Cir.

1988), <u>cert. denied</u>, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in <u>Smith</u>, "the

new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the

burden to show by clear and convincing evidence that the state court's decision was defective in

some way."  <u>Smith</u>, <u>supra</u>, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court

"determination after a hearing on the merits of a factual issue . . . shall be presumed to be

correct," unless certain specified exceptions existed.  When it enacted AEDPA, Congress

changed the language dealing with the presumption of correctness of state court findings of fact

and moved it to § 2254(e), and also added the current version of § 2254(d).  The amended statute

"requires federal courts 'to give greater deference to the determinations made by state courts than

they were required to do under the previous law.'"  <u>Ford v. Ahitow</u>, 104 F.3d 926, 936 (7th

Cir.1997) (quoting <u>Emerson v. Gramley</u>, 91 F.3d 898, 900 (7th Cir. 1996), <u>cert. denied</u>, 520 U.S.

1122 (1997)); <u>see also</u> <u>Houchin v. Zavaras</u>, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA

increases the deference to be paid by the federal courts to the state court's factual findings and

legal conclusion").

Initially, it should be noted that the petitioner has failed to preserve these arguments for

habeas corpus review.  Federal habeas review is barred when a state court expressly relied on a

procedural default as an independent and adequate state ground.  <u>See</u> <u>Harris v. Reed</u>, 489 U.S.

255 (1989); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).  "A federal court is generally precluded

from reviewing any claim included within the habeas petition for which a 'state court rests its

judgment on an adequate and independent state ground, including a state procedural bar.'"

9

Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)).  A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection.  Reid, supra, 961 F.2d at 377.  Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto.  Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  These principles have been applied even where a defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, 1996 WL 692003 (S.D.N.Y. 1996).

C.    Ineffective Assistance of Counsel

Strickland v. Washington, 466 U.S. 668 (1984), provides that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must satisfy a two-part test that:  1) counsel's representation fell below an objective standard of reasonableness; and 2) a showing of prejudice by the reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, id. at 687-88, 694.

II.     Application

     A.     Admission of CSAAS Expert Testimony

     Respondent contends that habeas relief may only be granted here if the state courts' decisions were an unreasonable application of clearly established federal law, Williams v. Artuz, 237 F.3d 152 (2d Cir. 2002), and here the use of CSAAS testimony has not been addressed by a federal court (Docket No. 7, Resp't Memo. at 6-7).

     The Second Circuit, however, in Gersten v. Senkowski, 426 F.3d 588, 611 (2d Cir. 2005), cert. denied, 547 U.S. 1191 (2006), addressed CSAAS (Docket No. 11, Pet'r Memo. at 3, 11-13; see Docket No. 8, Pet'r Reply Memo. at second unnumbered page).  There, that court found that defense counsel's failure to consult with or call a psychological expert to rebut the prosecution's expert on CSAAS met the objective prong of the Strickland, 466 U.S. at 690-91, ineffective assistance of counsel standard, faulting the state court in making a contrary finding, Gersten, 426 F.3d at 611.  The Second Circuit said that from the affidavit that habeas petitioner produced from a psychologist (that CSAAS was no longer regularly accepted in the child sexual abuse research community, id. at 600) that "even a minimal amount of investigation into the purported 'Child Sexual Abuse Accommodation Syndrome' would have revealed that it lacked any scientific validity for the purpose for which the prosecution utilized it: as a generalized explanation of children's reactions to sexual abuse, including delayed disclosure and blurred memory," id. at 611.  That petitioner's expert, Dr. John Yuille, stated that CSAAS is no longer seen as a syndrome, that the "inventor of the theory, Dr. Roland Summit, 'has retreated from his position of classifying it as a "syndrome" and that "research in the field reveals that the

11

'symptoms' which were the alleged components of the syndrome do not occur regularly enough in those who truly have been the victims of sexual abuse to call it a syndrome,"' " id. at 600.

But for habeas relief, the "clearly established federal law" needs to be determined by **the Supreme Court** and not by the other federal courts, 28 U.S.C. § 2254(d)(1).  There is no clear United States Supreme Court decision on the admissibility of expert testimony in a criminal case generally or whether a trial was rendered constitutionally unfair because of the admission or denial of admission of such expert testimony.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 587 (1993), set the standard as a matter of Federal Rules of Evidence as to the admissibility of expert testimony.  This is not a due process standard and, even if it were, that standard has not been applied (at least by the United States Supreme Court) in criminal cases, see also Brown v. Watters, 599 F.3d 602, 616 (7th Cir. 2010) (holding that Daubert has not been applied to states as a requirement of due process); Milone v. Camp, 22 F.3d 693, 702 (7th Cir. 1994) (Daubert and Frye v. United States, 293 F. 1013 (D.C. Cir. 1923) did not set constitutional floor for admissibility of scientific evidence).  The Supreme Court did not determine, as a matter of due process (or even in the context of a criminal prosecution) what the standard is for acceptance of expert testimony.  Furthermore, the Supreme Court has not ruled upon the admissibility of CSAAS expert testimony or CSAAS as a recognized syndrome to render its admission a violation of petitioner's due process rights to a fair trial (Docket No. 7, Resp't Memo. at 7).  State court evidentiary rulings do not implicate the United States Constitution unless the evidentiary error denies the petitioner of a fundamentally fair trial, Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985) (id. at 10).  Although such evidence might not be admissible in a

federal action upon the presented record, the admission of this evidence in this state action did not violate petitioner's rights and habeas relief on this ground should be **denied**.

As for the bolstering of the victim's testimony, and that of his nurse-practitioner, petitioner's objections to specific questions were not preserved for appeal, hence are beyond federal habeas review (see id. at 9).  Even if preserved, petitioner does not point to clearly established federal law as determined by the Supreme Court finding bolstering of testimony violating a defendant's due process rights, despite that finding by this Circuit, cf. Eze v. Senkowski, 321 F.3d 110, 131, 135 (2d Cir. 2003) (Docket No. 11, Pet'r Memo. at 18), or other Circuits, cf. Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.), cert. denied, 525 U.S. 963 (1998) (id.).

B.        Ineffective Assistance of Counsel

While the substance of petitioner's claim may not yet state a due process violation as found by the Supreme Court for habeas relief, how his attorney handled this issue may be grounds for relief for ineffective assistance of counsel.  The failure of petitioner's trial counsel to do more than an unsuccessful motion in limine to counter this CSAAS evidence fell below a professional standard.  Petitioner specifically challenges the CSAAS expert testimony (see Docket No. 11, Pet'r Memo. at 34-38, 45-47, 47-48 (grounds 5, 10, 11)) and trial counsel's failure to object to questions asked of the CSAAS expert (id. at 45, ground 9).  Gersten, applying the Supreme Court's Strickland standard, held that the failure to investigate or obtain a counter expert to CSAAS (a theory the Second Circuit rejected as science) fell below professional standards, 426 F.3d at 611.

13

Prejudice to petitioner in trial counsel's performance also was met.  As Chief Judge Lippman noted in his dissent, <u>Spicola</u>, <u>supra</u>, 16 N.Y.3d at 467, 922 N.Y.S.2d at 863, this case turns on credibility of the victim (a teenager recalling incidents that occurred years before), bolstered by CSAAS expert testimony by giving an explanation for why the victim might have delayed reporting or have gaps in his recollection.

Thus, petitioner **should be granted habeas relief** on the grounds of ineffective assistance of counsel.  If this Report is adopted on this ground, a hearing under <u>Sparman v. Edwards</u>, 387 F.3d 193 (2d Cir. 1998), with the trial attorney regarding his performance would be in order.

Petitioner also argues other errors (<u>see</u> at 6 n.1, <u>supra</u>, of this Report) so infected this trial that his representation was ineffective.  Some of those errors (numbers 4, 5, 11, and possibly 2, cross examination of the victim, and 3, cross examination of the victim's mother) are addressed in the ineffective assistance analysis above regarding challenges to the CSAAS evidence.  Given the recommendation above, this Court need not reach the individual or cumulative effect of the other perceived errors.  Those issues (particularly any cumulative effect of such errors) is best addressed following a <u>Sparman</u> proceeding.

## CONCLUSION

Based upon the above, it is recommended that petitioner be **granted in part** habeas relief, based upon ineffective assistance of trial counsel.  If this Report is adopted, a <u>Sparman</u> hearing, <u>id.</u>, 387 F.3d 193, should be scheduled.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

15

SO ORDERED.

_/s/ Hugh B. Scott_

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 18, 2014