UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL SPICOLA,

                         Petitioner,

v.                                                   **DECISION AND ORDER**
                                                         13-CV-020S

DAVID UNGER,

                         Respondent.

1.     On January 9, 2013, Petitioner commenced this action seeking federal habeas relief under 28 U.S.C. § 2254.

2.     On July 21, 2013, this Court referred this matter to the Honorable Hugh B. Scott, United States Magistrate Judge, for all proceedings necessary for a determination of the factual and legal issues presented, and to prepare and submit a Report and Recommendation containing findings of fact, conclusions of law, and a recommended disposition of the case pursuant to 28 U.S.C. § 636(b)(1)(B).

3.     In a Report and Recommendation filed on July 18, 2014, Judge Scott recommended that Petitioner's Petition for a Writ of Habeas Corpus be granted in part. Specifically, Judge Scott recommended that Petitioner be granted habeas relief on the grounds of ineffective assistance of counsel because, in light of the Second Circuit's decision in Gersten v. Senkowski, 426 F.3d 588 (2d Cir. 2005), *cert denied* 547 U.S. 1191 (2006), counsel's failure to call an expert rebuttal witness to challenge the testimony of the prosecution's expert on Child Sexual Abuse Accommodation Syndrome ("CSAAS") was both deficient and prejudicial. The Magistrate Judge therefore further recommended that a Sparman hearing be held at which trial counsel could respond to the alleged deficiencies

in his performance. See Sparman v. Edwards, 154 F.3d 51 (2d Cir. 1998) (except in "highly unusual circumstances," a district court should afford an allegedly ineffective attorney an opportunity to be heard and present evidence with respect to the allegations). Respondent and Petitioner filed Objections to Judge Scott's Report and Recommendation on July 29 and August 1, 2014, respectively.

4.      This Court has thoroughly reviewed Judge Scott's Report and Recommendation, as well as the parties' objections. Upon due consideration, this Court agrees with Respondent that Gersten does not dictate a finding of ineffective assistance in the instant case. Initially, the failure to call a rebuttal witness is not, in and of itself, sufficient to establish that counsel's performance was deficient. See Wallace v. Poole, No. 10-CV-0722(MAT), 2011 WL 6370596, *8-9 (W.D.N.Y. Dec. 20, 2011); see also Beauharnois v. Chappius, No. 9:12-CV-1283 (FJS/ATB), 2015 WL 893091, *25 (N.D.N.Y. Mar. 2, 2015). Here, trial counsel did challenge the scientific validity of CSAAS testimony itself, citing evidence in his motion in limine that there was "no convincing evidence that CSAAS testimony on denial or recantation provides relevant or reliable assistance to the fact finder to assess allegations." People v. Spicola, 16 N.Y.3d 441, 455, 947 N.E.2d 620 (2011). Further, the only aspect of CSAAS testimony which would meet the testimonial standard established by Daubert v. Merrell Dow Pharmaceurticals, Inc., 509 U.S. 579 (1993), was the generic assertion that delay of abuse disclosure was very common, a theory within the ken of the average juror. Spicola, 16 N.Y.3d at 454-55.

Trial counsel further argued that the inherent danger of the CSAAS testimony warranted its preclusion: specifically that the prosecution expert, by being limited to hypothetical situations only, would be allowed to testify "[u]nder the guise of objective

assistance . . . by binding him or herself in ignorance of the facts." Spicola, 16 N.Y.2d at 454. Counsel argued that there was "no way for the defense to refute such testimony since it cannot cross-examine that testimony with the expert having the ability to speak to the facts of the case the testimony relates to." (Id.) Accordingly, following the denial of the motion in limine, the record reflects that trial counsel took steps to counteract any assumption by the jury that the expert's general testimony was either conclusive or constituted a finding that the victim in the Petitioner's case suffered from the syndrome. To that end, trial counsel elicited testimony from the expert on cross-examination that the expert knew nothing regarding the facts of the case against Petitioner; that every case was different; that the expert was relying in part on a more than twenty-year old research paper which referred to only a "broad range of behaviors;" and that it was possible the allegations in the present case were fabricated by the victim. (T. 391-98.)  Counsel also elicited admissions that the expert was not a psychiatrist, psychologist, or physician, and that he did not hold a PhD.  (T. 389-90); see Spicola, 16 N.Y.3d at 459.  Further, trial counsel requested, and obtained, a detailed jury instruction that the jurors should consider the victim's failure to promptly complain, including any circumstances that might have motivated the victim's allegations, in resolving a credibility determination that was "entirely in your hands." Spicola, 16 N.Y.3d at 464 n. 8.  Accordingly, this Court agrees with Respondent that Gersten is distinguishable from the present case, and therefor rejects the Magistrate Judge's recommended partial grant of habeas relief and ordering of a Sparman hearing.  However, Judge Scott expressly stated that he did not reach certain allegations of ineffective assistance in light of his conclusion.  Referral back to the Magistrate Judge

for consideration of those assertions, rather than modification of the recommendation, is therefore warranted.

5. Finally, this Court has reviewed Petitioner's additional objections (Pet's Mem of Law at 1-3), and finds no legal or factual error in Judge Scott's Report and Recommendation on these points.

IT HEREBY IS ORDERED, that Respondent's Objections (Docket Nos. 13) are granted as stated above;

FURTHER, that Petitioner's objections (Docket No. 15) are denied;

FURTHER, that Judge Scott's July 18, 2014 Report and Recommendation (Docket No. 12) is rejected in part and this matter is referred back to the Magistrate Judge for further consideration of Petitioner's ineffective assistance claims.

SO ORDERED.

Dated: August 11, 2015
       Buffalo, New York

                          /s/William M. Skretny
                          WILLIAM M. SKRETNY
                          United States District Judge